# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL SCOTT ODEN, ) | |
| ) | |
| Plaintiff, ) | 2:11-cv-00558-KJD-PAL |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| PUBLIC DEFENDER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. On June 14, 2011, the Court dismissed this action without prejudice, based on plaintiff's failure to obey the Court's prior order to pay the filing fee for this action. (ECF No. 8). Judgment was entered on June 15, 2011. (ECF No. 10).

On June 21, 2011, plaintiff filed a motion to reopen his case, which the Court construes as a motion for reconsideration of the dismissal order. (ECF No. 13). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). A motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court entered an order on June 14, 2011, dismissing this action based on plaintiff's failure obey the Court's prior order to pay the filing fee. (ECF No. 8). In his motion for reconsideration, plaintiff explains that he paid the filing fee of $350. Due to a clerical error, plaintiff's payment of the $350 filing fee was not entered into the electronic docketing system (CM/ECF) until June 21, 2011. (ECF No. 12). The receipt documents that on June 13, 2011, the Court received plaintiff's payment of the $350 filing fee. (*Id.*). As such, the motion for reconsideration is granted.

2

1     **IT IS THEREFORE ORDERED** that plaintiff's motion to reopen this case (ECF No. 13),
2 construed as a motion for reconsideration, is **GRANTED**.
3     **IT IS FURTHER ORDERED** that the Court's June 14, 2011 order dismissing this action
4 (ECF No. 8) and the judgment (ECF No. 10) are **VACATED.**
5     **IT IS FURTHER ORDERED** that the Clerk of Court is directed to **REOPEN THIS**
6 **ACTION.**
7     DATED: June 23, 2011.

UNITED STATES DISTRICT JUDGE

3