UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL SCOTT ODEN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-cv-00558-KJD-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| PUBLIC DEFENDER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  On June 14, 2011, the Court dismissed this action without prejudice, based on plaintiff's failure to obey the Court's prior order to pay the filing fee for this action.  (ECF No. 8).  Judgment was entered on June 15, 2011.  (ECF No. 10).  On June 23, 20011, the Court vacated its order of dismissal and judgment, because it came to the Court's attention that plaintiff had in fact paid the filing fee for this action.  (ECF No. 14).  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.  Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. 28 U.S.C. § 1915(e)(2).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels

and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. The Instant Complaint**

Plaintiff brings action against the Clark County Public Defender's Office and the State of Nevada. Plaintiff complains of problems during family court proceedings and criminal proceedings. Plaintiff seeks damages against the State of Nevada and the Clark County Public Defender's Office.

**A. State of Nevada**

Plaintiff seeks to bring action against the State of Nevada. States are not persons for purposes of § 1983 actions. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, Eleventh Amendment immunity bars § 1983 actions for damages against state agencies, as well as those where the state

itself is named as a defendant, and where state officials are sued in their official capacity.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As such, defendant State of Nevada is dismissed with prejudice.

### B.  Public Defender's Office

Plaintiff also alleges that his public defender did not represent him effectively in the criminal proceedings involving the conviction for which he is currently incarcerated.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id.* at 488.  Plaintiff has not, and indeed, cannot allege that his conviction has been reversed or otherwise invalidated.  Plaintiff fails to state a cognizable civil rights claim.  Because amendment would be futile, this action in being dismissed with prejudice and without leave to amend.

### III. Request for Appointment of Counsel (ECF No. 11)

In a letter filed June 16, 2011, plaintiff seeks the appointment of counsel in this case.  A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).  In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant.  The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-

800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the Court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The motion for appointment of counsel is denied.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's request for the appointment of counsel (ECF No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED: July 1, 2011

_____
UNITED STATES DISTRICT JUDGE